UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PAUL ALLEN ADAMS,

                Plaintiff,

v.                                                        Case No. 18-cv-1557-pp-wed

CHARLES LARSON, *et al.*,

                Defendants.

**ORDER ADOPTING MAGISTRATE JUDGE'S RECOMMENDATION (DKT. NOS. 25-26), DISMISSING DR. RICHARD STELIGA AS DEFENDANT AND GRANTING PLAINTIFF'S MOTION TO DISMISS DR. LILY LIU AS DEFENDANT (DKT. NO. 28)**

        Plaintiff Paul Allen Adams, who is representing himself, is proceeding on claims against the defendants based on his allegations that they were deliberately indifferent to his knee pain. Dkt. No. 10. On January 9, 2019, the court referred this case to U.S. Magistrate Judge William Duffin to handle pretrial matters. Dkt. No. 11.

        One of the defendants the plaintiff has sued is Dr. Richard Steliga. The plaintiff indicated in his complaint that he was referred to Dr. Steliga by Dr. Larson; Dr. Steliga saw the plaintiff on a couple of occasions, examined him, ordered an ortho consult and an MRI and prescribed the plaintiff Benadryl. Dkt. No. 10 at 4-5. He alleged that Dr. Steliga caused him pain by pushing hard on the bump on the plaintiff's knee, and that Dr. Steliga referred to the bump as a "nodule"—a word the plaintiff alleges that Dr. Steliga made up. Id. at 4. On January 25, 2019, the defendants' lawyer notified the court that the

Wisconsin Department of Justice would not accept service on behalf of Dr. Richard Steliga because he is deceased. Id.

On March 12, 2019, Judge Duffin ordered the plaintiff, under Federal Rule of Civil Procedure 25, to file a motion to substitute the proper party for Dr. Steliga or to dismiss his claims against him. Dkt. No. 17. Judge Duffin informed the plaintiff that the proper party usually is the representative of the decedent's estate or the decedent's successor. Id.

On April 1, 2019, the court received from the plaintiff a motion to substitute the proper party. Dkt. No. 24. He explained that he had no way of finding out who Dr. Steliga's representative or successor is. Id. He also expressed confusion over why he could not substitute the Department of Corrections, given that Dr. Steliga was a DOC employee at the time of the events he alleged. Id. Finally, the plaintiff stated that he "does not believe that Dr. Steliga's estate, representative, family and loved ones shoul[d] be made to cover his actions as a DOC employee . . . ." Id.

Judge Duffin ruled on the plaintiff's motion a few days later. Dkt. No. 25. He explained to the plaintiff that the doctrine of *respondeat superior* does not apply to §1983 actions, so the DOC cannot be held liable for the acts of its employees. Id. He also explained that it was the plaintiff's—not the court's—responsibility to figure out the identity of the person or persons with the authority to defend his claims against Dr. Steliga. Id. Finally, Judge Duffin acknowledged the plaintiff's statement that he didn't want to name Dr. Steliga's estate, representative, family or loved ones. Id. Judge Duffin ordered the

plaintiff to substitute the proper party by June 11, 2019. Id. He also recommended that, if the plaintiff didn't ask to substitute the proper party by the deadline, this court should dismiss Dr. Steliga as a defendant. Id.

About a week later, on April 11, 2019, the court received a letter from the plaintiff, disagreeing that it is his responsibility to figure out the identity of the person or persons with the authority to defend his claims against Dr. Steliga. Dkt. No. 27. The plaintiff said he has no way to find out this information, and he was "not comfortable naming a current loved one, as a successor," so he was "waiving that for an appeal issue to the 7th Cir." Id. at 3.

Fed. R. Civ. P. 25(a)(1) discusses a court's authority to order substitution if a claim is not extinguished. As Judge Duffin's order implicitly acknowledges, the plaintiff's deliberate-indifference claim was not extinguished when Dr. Steliga died. "[W]hether a civil rights claim brought under §1983 survives a party's death is generally made in accordance with state law." Rocco v. Bickel, Case No. 12-cv-829, 2013 WL 4000886, at *2 (M.D. Penn. Aug. 5, 2013) (citing Robertson v. Wegmann, 436 U.S. 584, 588-89 (1978)). "[Section] 1983 claims are best characterized as personal injury actions." Owens v. Okure, 488 U.S. 235, 240 (1989) (citations omitted). The Supreme Court of Wisconsin has affirmed that, under Wisconsin's survival statute, personal injury actions survive death. Bartholomew v. Wis. Patients Comp. Fund and Compcare Health Servs. Ins. Corp., 293 Wis.2d 38, 61, n.36 (2006) (citing Wis. Stat. §895.01)).

While the plaintiff's claim against Dr. Steliga survives Dr. Steliga's death, however, this court finds that Rule 25 does not apply. It does not appear that

the Court of Appeals for the Seventh Circuit has addressed this issue, but other courts have found that "[a]s a general rule, the substitution of parties consistent with Rule 25(a)(1) cannot be ordered 'where the person for whom the substitution is sought died prior to being named a party.'" Schlumpberger v. Osborne, Case No. 16-cv-78, 2019 WL 927322, at *3 (D. Minn. Feb. 26, 2019) (quoting Lacy v. Tyson, Case No. 07-cv-381, 2012 WL 4343837, at *2 (E.D. Cal. Sept. 20, 2012), adopting report and recommendation, 2012 WL 5421230, at *1 (E.D. Cal. Nov. 5, 2012) (collecting cases)).

While the Department of Justice informed the court that Dr. Steliga had passed away, it did not inform the court *when* he died. According to an obituary published online, Dr. Steliga died on April 29, 2018—approximately five months *before* the plaintiff signed (September 30, 2018) and filed (October 3, 2018) his complaint on. See https://www.krausefuneralhome.com/obituary/richard-allen-steliga-md/ (last visited June 17, 2019).

The court will adopt Judge Duffin's recommendation that it dismiss Dr. Steliga; because he already had passed away by the time the plaintiff filed his complaint, Dr. Steliga could not appear or be served with process. He never was a defendant in the case. Rule 25 does not allow the plaintiff to substitute anyone for Dr. Steliga because a plaintiff cannot substitute a person for someone who never was a party in the first place. See Laney v. S.C. Dept. of Corrs., Case No. 11-cv-3487, 2012 WL 4069680 (D.S.C. May 8, 2012) ("Obviously, a deceased person cannot be served and respond to a lawsuit.")

4

The plaintiff has indicated more than once that he does not want to name Dr. Steliga's estate or name a family member as a representative of Dr. Steliga's estate, although where a claim survives death, the decedent's estate is likely the proper defendant. The court offers no opinion on who the plaintiff should sue; that is his decision. The court finds only that it must dismiss Dr. Steliga, because he was not living when the plaintiff filed the complaint. If the plaintiff wants to pursue his claim against Dr. Steliga, he may amend the complaint and name the estate as a defendant, but he cannot substitute anyone for Dr. Steliga.

Finally, on April 25, 2019, the plaintiff filed a motion to dismiss defendant Lily Liu. Dkt. No. 28. The plaintiff explains that, after reviewing his medical records, he has concluded that she never received any of the health service request forms that he filed. Id. The court will grant the plaintiff's motion.

The court **ADOPTS** Judge Duffin's recommendation that the court dismiss Richard Steliga as a defendant. Dkt. No. 26. The court **DISMISSES** Richard Steliga.

The court **GRANTS** the plaintiff's motion to dismiss Lily Liu. Dkt. No. 28.

The court **ORDERS** that Lily Liu is **DISMISSED** as a defendant.

Dated in Milwaukee, Wisconsin, this 18th day of June, 2019.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**United States District Judge**