# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

PAUL ALLEN ADAMS,

    Plaintiff,

v.                                              Case No. 18-CV-1557

CHARLES LARSON, *et al.*,

    Defendants.

## ORDER

On August 13, 2019, defendant Dr. Fern Springs filed a motion for summary judgment. (ECF No. 48.) About a week later, plaintiff Paul Allen Adams filed a motion to strike Springs's motion. (ECF No. 52.) Adams asserts that Springs unlawfully accessed Adams's personal medical information without his consent and used it in support of her summary judgment motion. According to Adams, "At no time did [he] sign a release of confidential information form authorizing [Springs's attorney, Jason] Just, or Springs to access his confidential medical records . . . ." (*Id.* at 1.)

Springs responded to Adams's motion about a month later. In support of her response, she attached a copy of a letter Adams wrote to her attorney on May 27, 2019, in which Adams stated: "I have enclosed a release of information for you to access all my medical records. You are free to try to find what you will not find enough to prevail on a summary judgment motion [sic]." (ECF No. 60-1 at 6.) Springs also attached a copy of the "Authorization and Informed Consent for Use and Disclosure

of Medical Information" form that Adams signed on May 27, 2019. (ECF No. 60-1 at 8-9.)

Adams's assertion that he did not sign a release allowing Springs to access his medical records is untrue, and, despite Adams's assertions to the contrary, Springs did not improperly attach Adams's medical records in support of her summary judgment motion. The court will deny Adams's motion to strike her motion.

Adams points to a handful of emails that he argues show that Springs made efforts to obtain his medical information *before* he signed the release. He argues her pre-release efforts violated federal law and DAI policies regarding the disclosure of protected health information. The court offers no opinion on that issue as it is not relevant to this case. Springs has demonstrated that Adams gave her permission to access the documents she attached to her summary judgment motion; that is the court's concern in this case. To invite litigation on the other issue would distract from the central issues in this case, prolong litigation, and require additional time and resources of the court and parties without getting any closer to resolution of this lawsuit. Accordingly, if Adams believes Springs committed violations not at issue in this case, he must pursue those in a separate lawsuit.

Adams also asks that Springs comply with discovery requests that he mailed on May 27, 2017 (the requests were included in the letter in which Adams told Springs's attorney he was free to access all of Adams's medical information). Civil Local Rule 37 requires that all motions to compel include "a written certification by the movant that, after the movant in good faith has conferred or attempted to confer

2

with the person or party failing to make disclosure or discovery in an effort to obtain it without court action, the parties are unable to reach an accord." That's a long way of saying that, before filing a motion to compel, a party needs to first discuss its dispute with the opposing party's attorney before asking the court to get involved. If they cannot work out the dispute, a party filing a motion to compel must include proof that he first tried to work it out with the opposing party's attorney.

Because Adams has not complied with Local Rule 37, the court will deny his motion. Parties are often able to resolve their disputes without the court's help. Informal resolution without the court's involvement saves both the court and the parties time and resources. Adams should contact Springs's attorney (preferably by letter) to get a better understanding of why Springs did not timely respond. The court encourages the parties to be flexible and to work in good faith with one another.

Finally, in a recently filed letter, Adams sets a new deadline by which he will respond to the state defendants' motion for summary judgment. (ECF No. 65.) The court reminds Adams that only the court can modify response deadlines—he is not at liberty to do so without the court's permission. As acknowledged by Adams, the court already extended his deadline to respond to the two summary judgment motions to November 4, 2019. Adams explains that he will be able to respond to Springs's motion by that date, but he needs another month to respond to the state defendants' motion. The court will extend Adams's deadline to respond to the state defendants' motion (ECF No. 40) to December 4, 2019.

**THEREFORE, IT IS ORDERED** that Adams's motion to strike Springs's motion for summary judgment (ECF No. 52) is **DENIED**.

**IT IS FURTHER ORDERED** that Adams's motion to compel Springs to respond to his discovery requests (ECF No. 62) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Adams must respond to the state defendants' motions for summary judgment (ECF No. 48) by **December 4, 2019.**

Dated at Milwaukee, Wisconsin this 16th day of October, 2019.

WILLIAM E. DUFFIN
U.S. Magistrate Judge